# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANNA E REYES,
　　　　　Appellant,

　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
SF-0353-19-0204-I-1

DATE: July 30, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Corpus Christi, Texas, for the appellant.

Jessica Villegas, Esquire, San Francisco, California, for the agency.

Philip R. Ingram, Esquire, San Diego, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The agency employed the appellant as a Mail Processing Clerk at the Industry, California Processing and Distribution Center (Industry P&DC). Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 155. She suffered several compensable injuries, the most recent of which occurred in October 2013. IAF, Tab 5 at 19, 24-26. She returned to duty from that injury on or about May 14, 2018, and subsequently served in a series of limited duty modified job assignments. IAF, Tab 5 at 19, Tab 6 at 156, 159, 162. On January 30, 2019, the agency offered the appellant a new limited duty modified job assignment at the Industry P&DC, which she initially accepted. IAF, Tab 1 at 20. The next day, the appellant rejected the offer, asserting that it was outside her medical restrictions. *Id*. at 11.

¶3 The appellant timely filed this appeal alleging that the agency improperly denied her request for restoration as a partially recovered employee and discriminated against her based on her disability. IAF, Tab 1. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID). He further found that, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's allegations of disability discrimination and reprisal. ID at 6.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has filed a response. *Id*., Tab 5. On April 17, 2020, the appellant filed a motion to submit an additional pleading, i.e., a March 27, 2020 decision of the Office of Workers' Compensation Programs (OWCP) finding that the modified work position that the agency offered her was outside her medical restrictions. PFR File, Tab 8 at 3. The Acting Clerk of the Board granted the appellant's motion. PFR File, Tab 10. The appellant submitted her evidence, arguing that OWCP's finding shows that the agency's modified job offer was not

a proper offer of restoration. PFR File, Tab 11 at 4, 8-12. The agency filed a response, arguing that the appellant's new evidence does not show that the administrative judge erred in dismissing the appeal. PFR File, Tab 12 at 4, 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b). Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.301. Partially recovered employees, like the appellant, are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.102.

¶6 To establish jurisdiction over a claim of denial of restoration as a partially recovered employee, an appellant is required to make nonfrivolous allegations of the following: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligation under 5 C.F.R. § 353.301(d).[2] *Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12; *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016); 5 C.F.R. § 1201.57(a)(4), (b). Once an appellant establishes

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

jurisdiction, she is entitled to a hearing at which she must prove the merits of her restoration appeal, i.e., all four of the above elements, by a preponderance of the evidence.[3] *Kingsley*, 123 M.S.P.R. 365, ¶¶ 11-12; 5 C.F.R. § 1201.57(c)(4). However, under appropriate circumstances, a restoration may be deemed so unreasonable as to amount to a denial of restoration within the Board's jurisdiction. *Kingsley*, 123 M.S.P.R. 365, ¶ 13. For example, a claim that restoration was effectively denied may involve allegations that a partially recovered appellant is incapable of performing the job duties of the position to which she was restored. *Id.* To make a nonfrivolous showing of Board jurisdiction over an appeal on that basis, an appellant must present specific, independent evidence corroborating her allegations. *Jones v. U.S. Postal Service*, 86 M.S.P.R. 464, ¶ 5 (2000).

¶7    As to the first two prongs of the test set forth above, the administrative judge found it undisputed that (1) the appellant was absent from her position due to a compensable injury and that (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her. ID at 4. We agree.

¶8    Turning to the third prong, the administrative judge found that the appellant's bare assertion that the agency's January 30, 2019 modified job offer exceeded her medical restrictions did not constitute a nonfrivolous allegation that the agency effectively denied her request for restoration. ID at 4-6. As noted above, after the close of the record on review, the appellant submitted a March 27, 2020 OWCP decision, issued well after the close of the record below, in which it found that the agency's modified job offer was unsuitable because it exceeded her medical restrictions. PFR File, Tab 11 at 8-12. The Board is bound by OWCP's suitability determination. *Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 9 (2013). We find, therefore, that OWCP's decision is new

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

and material evidence. We further find that the agency's January 30, 2019 limited-duty job offer was outside of the appellant's medical restrictions and was tantamount to a denial of restoration. *See Paszko*, 119 M.S.P.R. 207, ¶ 9. The appellant has nonfrivolously alleged that the agency denied her request for restoration. *Jones*, 86 M.S.P.R. 464, ¶ 5.

¶9 Although we find that the appellant has satisfied the first, second, and third jurisdictional requirements in this partial restoration appeal, we are unable to make a determination about the fourth jurisdictional element on the existing record.[4] After the initial decision in this appeal was issued, the Board issued its decision in *Cronin*, 2022 MSPB 13, which clarified when a denial of restoration may be arbitrary and capricious.[5] In *Cronin*, the Board explained that, in considering the fourth jurisdictional element, the issue before the Board is limited to whether the agency failed to comply with the minimum requirement of 5 C.F.R. § 353.301(d), i.e., to search within the local commuting area for vacant positions to which it can restore a partially recovered employee and to consider her for any such vacancies. *Cronin*, 2022 MSPB 13, ¶ 20. The Board in *Cronin* further held that, contrary to its prior suggestion in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, (2012), *superseded in part by regulation on other grounds as stated in Kingsley*, 123 M.S.P.R. 365, ¶ 10, claims of prohibited discrimination or reprisal cannot serve as an "alternative means" of showing that a denial of restoration was arbitrary and capricious. *Id.*,¶ 21.

¶10 Because the existing record is devoid of evidence or argument regarding whether the agency's denial of restoration was arbitrary and capricious, we remand the matter to the regional office to provide the parties notice and an

---

[4] Although the administrative judge stated at the end of the initial decision that the appellant failed to nonfrivolously allege that the agency arbitrarily and capriciously denied her restoration, we do not view this as a finding on the fourth element of the appellant's burden. ID at 7. Rather, this is a restatement of the overall burden.

[5] Because the Board issued *Cronin* while this appeal was pending, it is given retroactive effect and applies to this appeal. *See Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 18 n.8.

opportunity to further develop the record.  If the appellant makes a nonfrivolous allegation regarding the fourth jurisdictional element, she is entitled to the hearing she requested on the merits of her claim.

## ORDER

¶11      For the reasons discussed above, we REMAND this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.